IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michelle S. Washington | ) | C/A No.: 8:08-2592-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Michelle S. Washington, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") and security income benefits ("SSI") under Titles II and XVI of the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than [a] preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

1

Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB and SSI in July of 2005, alleging disability since February of 2005 due to depression, vision problems, and mental retardation. She is a 43-year-old female who graduated from high school with special assistance. Her past work experience includes employment as a janitor and housekeeper.

Plaintiff's claims were denied initially and upon consideration. The plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on November 27, 2007. The ALJ thereafter denied plaintiff's claims in a decision issued January 14, 2008. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the Federal District Court.

In her appeal to district court, Plaintiff asserted that the ALJ decision should be reversed and remanded for an award of benefits on the basis that the ALJ failed to properly evaluate her visual acuity, to perform a proper listing analysis, and to properly consider the combined effects of the plaintiff's multiple impairments.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1560; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents

3

him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

> 1. The claimant met the insured status requirement of the Social Security Act through September 30, 2007.
>
> 2. The claimant has not engaged in substantial gainful employment since February 1, 2005 the alleged onset date (20 C.F.R. §§ 404.1520(b), 404.1571 *et seq*., 416.920(b), and 416.971 *et seq*.).
>
> 3. The claimant has the following severe impairments: a right eye cataract and borderline intellectual functioning (20 C.F.R. §§ 404.1520 (c) and 416.920 (c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is limited to work with no requirement for fine visual acuity, with simple routine repetitive one and two step tasks, in a low stress non-sequential production setting (defined as no decision-making and changes in the work setting), and no requirement for complex reading, writing, or math computations.
>
> 6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2005 through the date of this decision (20 C.F.R. §§ 404.1520 (f) and 416.920(f)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On July 23, 2009, Magistrate Judge Bruce Howe Hendricks filed a Report and

Recommendation ("R&R") suggesting that the Commissioner's decision concerning Plaintiff's visual acuity be reversed and remanded, explaining: "Additional medical evidence may be necessary to resolve any conflict in the evidence" regarding the plaintiff's visual acuity." (Report, page 8). However, she does not recommend a remand as to the Commissioner's decisions concerning Listing 12.05 and the combination of impairments.

The plaintiff timely filed objections to the R&R on August 10, 2009. The defendant also timely filed a Response (objection) to the R&R on August 10, 2009.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Visual Acuity**

The Defendant objects to the magistrate judge's recommendation that the case be remanded for further clarification concerning Plaintiff's visual acuity and argues that substantial evidence supported the ALJ's findings. Defendant argues in the alternative that any arguable error was harmless since the ALJ acknowledged and sufficiently accounted for Plaintiff's visual impairments by limiting her to work that did not require "fine visual acuity." Defendant interprets Dr. Steinart's report as indicating that

Plaintiff's overall visual acuity with glasses and with neither eye covered was 20/40. Defendant also asserts that the record indicated and the ALJ considered that Plaintiff is able to read, write, care for her child, and perform housework.

The Court does not agree with the Commissioner that substantial evidence supports the ALJ's decision. During the hearing, the ALJ questioned a report from Dr. Steinart indicating that Plaintiff had uncorrected visual acuity of zero in the right eye and 20/50 in the left, and corrected visual acuity of 20/40 in both eyes. Specifically, during the hearing, the ALJ described the medical report as being "a little inconsistent" and remarked that he would "take it with a grain of salt." (R. p 212). In spite of these misgivings, the ALJ failed to acknowledge or explain how he resolved the inconsistency in his findings. *Cf. Frazier v. Sullivan*, 935 F.2d 267 (4th Cir. 1991) (upholding the findings of an ALJ who acknowledged and resolved inconsistencies between two medical reports); *see also Deloatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) (stating "[j]udicial review of an administrative decision is impossible without adequate explanation of that decision by the administrator"). Furthermore, the ALJ did not elicit expert testimony or a clarifying statement from Dr. Steinert to resolve the inconsistencies. *See Murphey v. Astrue*, 496 F.3d 630, 634 (4th Cir. 2007).

Therefore, the Court finds that Dr. Steinert's report does not provide substantial evidence to support the ALJ's findings and that the case must be remanded so that further evidence can be taken and proper findings made concerning Plaintiff's visual acuity. Upon remand, the ALJ shall hold a *de novo* hearing and issue a new decision regarding Plaintiff's visual acuity. If necessary, the ALJ will elicit expert testimony to determine Plaintiff's visual acuity.

**<u>Listing 12.05</u>**

In her objections to the R&R, Plaintiff argues that the ALJ failed to perform a proper listing analysis and that her IQ score combined with her depression and blindness are sufficient to meet the requirements of Listing 12.05(B) or (C). In support of this assertion, Plaintiff points to an evaluation conducted in September 2005. Composite Index and subtest scaled scores from the September 2005 evaluation (R. p. 181) are as follows:

| | |
|---|---|
| Full Scale IQ | 58 |
| Verbal IQ | 62 |
| Performance IQ | 59 |
| Verbal Comprehensive Index | 61 |
| Working Memory Index | 63 |
| Perceptual Organization | 65 |

In the body of the evaluation, however, clinical psychologist Sherry Rieder noted on the bottom of page 180 of the record that Plaintiff's "WAIS-III indicates overall intellectual abilities in the mild mental retardation range (FSIQ=61)." (R. p. 180). Interestingly, the ALJ identifies Plaintiff's Full Scale IQ as 65 in his findings. (R. p. 18).

Regulations establish guidelines for a disabling mental impairment. Specifically, Listing 12.05 states in relevant part:

> 12.05 Mental Retardation: Mental retardation refers to a significantly subaverage, general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before ag 22) ... The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied...
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitations of function; ...

20 C.F.R. pt. 404, Subpart P, App. 1, § 112.05. The regulations also mandate that when a single IQ test produces multiple scores, the lowest score is to be used in conjunction with Listing 12.05. *Id.* at § 12.00(B)(4); *see also Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983).

In the present case, there are three different statements as to Plaintiff's full scale IQ score resulting from the assessment by clinical psychologist Reider. Plaintiff argues that her IQ score of 58 combined with her depression and blindness are sufficient to meet the requirements of Listing 12.05(B) or (C). Plaintiff points to numerous inconsistences in the record concerning her IQ, including but not limited to internal inconsistencies in Plaintiff's psychological report and in the ALJ's findings. Such inconsistencies make it unclear as to which Listing Plaintiff may meet. (R. pp. 18, 180, 181). Therefore, the Court finds that the ALJ did not perform a proper listing analysis in regard to Listing 12.05 and that the case must be remanded so that further evidence can be taken and proper findings made concerning Plaintiff's mental retardation and IQ score. If necessary, the ALJ should elicit expert testimony to determine Plaintiff's IQ score.

**Combined Effect of Impairments**

In her objections to the R&R, Plaintiff also argues that the ALJ failed to properly consider the combined effect of Plaintiff's impairments.

Under 20 C.F.R. § 404.1523, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) ("[I]n evaluating the effect[] of various impairments on a disability benefit claimant, the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them."). Under Fourth Circuit precedent, the ALJ has also been instructed to "adequately explain his evaluation of the combined effects of the impairments."

*Walker*, 889 F.2d at 50 (citing *Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985). Specifically, if a claimant has a combination of impairments, no one of which meets a listing under 20 C.F.R. § 404.1525(c)(3), the Commissioner must compare her findings with those for closely analogous listed impairments. 20 C.F.R. § 404.1526(b)(3). If the findings related to her impairments are at least of equal medical significance to those of a listed impairment, the Commissioner must find that the claimant's combination of impairments is medically equivalent to that listing. *Id*.

Plaintiff asserts that the ALJ's analysis of her impairments was fragmented and did not adequately explain his evaluation of the cumulative effects of Plaintiff's multiple impairments. *See e.g., Alonzeau v. Astrue*, 2008 WL 313789, *3 (D.S.C. 2008) (remanding case to the Commissioner when ALJ gave no indication of whether he considered the cumulative effect of claimant's impairments.). In his report, the ALJ states that he "specifically considered whether claimant's impairments meet[] the criteria of any of the listed impairments, including impairments under sections 2.00 (special senses and speech) and 12.00 (mental)"; however, he proceeds to analyze Plaintiff's visual and mental impairments separately. (R. pp. 16-17). The analysis of Plaintiff's visual acuity includes references to Plaintiff's ability to "move freely about the home doing normal activities of daily living including cooking, doing laundry, watching television, reading the Bible, and caring for her young son. (R. p. 16). The ALJ also notes that "the claimant's visual in her left eye is 20/50, and 20/40 in both eyes with glasses. (R. p. 16). The analysis of Plaintiff's intellectual functioning notes that she "does not have marked restrictions on activities in daily living, marked difficulty maintaining functioning, or marked difficulties in maintaining concentration, persistence, and pace. (R. p. 17).

Although the R&R notes that the ALJ's analysis "moved fluidly between the various impairments, reconsidering them at each state," (Report p. 15), under the combined effects heading,

9

the section on Plaintiff's impairment or combination of impairments does not include analysis of the cumulative effect of Plaintiff's impairments. (R. pp. 16-17). On the other hand, the ALJ moves more freely between Plaintiff's impairments in the section concerning Plaintiff's residual functional capacity. (R. pp. 16-22). Therefore the Court finds that the case must be remanded so that the ALJ may properly consider and make sufficient findings concerning the combined effect of Plaintiff's impairments.

## **Conclusion**

On the record before it, this court must overrule Defendant's objection and sustain Plaintiff's objections, except as to the objection requesting reversal for an award of benefits. The Report and Recommendation of the Magistrate Judge is adopted as modified. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further proceedings as set forth above.

**IT IS SO ORDERED**.

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 21, 2009
Florence, South Carolina